UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS ANN JAYE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 22-00035 (JXN) (JSA)<br><br>**MEMORANDUM OPINION** |

**NEALS**, District Judge:

**THIS MATTER** is before the Court on its *sua sponte* review of the Complaint filed by *pro se* Plaintiff Chris Ann Jaye ("Plaintiff"), against members of the federal and New Jersey judiciaries, governments, private companies, and their employees[1], alleging claims under 42 U.S.C. §§ 1983 through 1988, the RICO Act, the Civil Rights Act of 1964, the Fair Debt Collection Practices Act, the New Jersey Civil Rights Act, and various state tort causes of action, based on perceived unfair treatment she has received in federal and state courts. (Compl., ECF No. 1.) The Complaint is part of a larger, multiyear campaign of vexatious litigations brought by Plaintiff in various state and federal courts that relate back to a condominium dispute concerning the payment of her condominium fees and foreclosure proceedings.[2] For the foregoing reasons, this matter is dismissed without prejudice.

On May 18, 2018, District Judge Robert B. Kugler ("Judge Kugler") issued a litigation preclusion order against Plaintiff, ("Preclusion Order"). *See Jaye v. Shipp, et al*, Case No. 17-

---

[1] The Complaint names one hundred fifty defendants in this action. (Compl. ¶¶ 31-180.)

[2] *See Jaye v. Grewal*, No. CV 21-1566 (KM)(JBC), 2021 WL 1251614 (D.N.J. Apr. 5, 2021); s*ee also Jaye v. Barr*, No. CV420-321, 2021 WL 3008299, at *1 (S.D. Ga. June 7, 2021), *report and recommendation adopted*, No. CV420-321, 2021 WL 2556693 (S.D. Ga. June 22, 2021).

05257, ECF No. 132. The Preclusion Order specifically ordered that Plaintiff was "prohibited, when proceeding pro se, from filing any lawsuits against any of the Defendants or others not yet named relating to disputes concerning the payment of her condominium fees or foreclosure proceedings, or any perceived conspiracies emanating out of them." *See* Preclusion Order at 1. The Preclusion Order further provided that:

> IT IS FURTHER ORDERED that leave of Court will be freely granted upon Plaintiff showing through a properly filed petition that a specific proposed filing (i) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure and (ii) is not barred by principles of claim or issue preclusion;
>
> IT IS FURTHER ORDERED that Plaintiff must attach a copy of this pre-filing injunction to any subsequent pro se lawsuit that relates to the payment of her condominium fees or foreclosure proceedings;

*Id.* at 1 – 2.

The instant Complaint was filed on July 15, 2021, in the United States District Court for the Southern District of Alabama against various New Jersey state and federal judges, prosecutors, and other individuals who Plaintiff alleges deprived her of civil rights.[3] (*See generally* Compl.) On January 3, 2022, the Southern District of Alabama concluded that the District of New Jersey "is the most appropriate transferee forum" because most of the Defendants are located in New Jersey "and surrounding states, and the events underlying Plaintiff's claims also appear to have mostly occurred in these places," and transferred this action to this Court. (ECF Nos. 29; 30.)

The Complaint asserts substantially similar claims (related to the dispute over condominium fees and foreclosure proceedings) against many of the same defendants named in

---

[3] Prior to transfer, the Complaint was pending in the United States District Court for the Southern District of Alabama, under 21-cv-00310 (TFM).

Plaintiff's prior federal actions.[4] Accordingly, Plaintiff's action will be dismissed without prejudice. Plaintiff will have 30 days from the date hereof to file the appropriate petition in compliance with the Preclusion Order.

An appropriate form of Order accompanies this Memorandum Opinion.

DATED: September 1, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[4] *See Jaye v. Hoffman*, Civ. No. 14-7471; *Oak Knoll Vill. Condo. Owners Ass'n*, v. Jaye Civ. No. 15-05303; *Jaye v. Oak Knoll Vill. Condo. Owners Ass'n*, Civ. No. 15-8324; *Jaye v. Hoffman*, Civ. No. 16-7771; *Jaye v. Shipp*, Civ. No. 17-5257; *Jaye v. Knuckles, Komosinski & Manfro, LLP*, Civ. No. 21-11546; *Jaye v. Grewal*, Civ. No. 21-1566; and *Jaye v. United States*, Civ. No. 21-13126.